IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Christopher B Taylor,<br><br>Petitioner,<br><br>vs.<br><br>Mrs. Darlene Drew,<br><br>Respondent. | Civil Action No. 9:12-cv-1212-RMG<br><br>**ORDER** |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. On June 12, 2012, the Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss the petition in this case without prejudice and without requiring the respondents to file a return. (Dkt. No. 8). On June 26, 2012, Petitioner filed objections to the Report and Recommendation. (Dkt. No. 12). As explained herein, the Court agrees with the findings and recommendations of the Magistrate Judge and dismisses Petitioner's petition without prejudice and without issuance and service of process.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings

1

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Magistrate Judge has properly concluded that Petitioner's challenge to his sentence must be brought pursuant to 28 U.S.C. § 2255, if at all. "[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755-756 (6th Cir. 1999)(internal citations omitted). While 28 U.S.C. § 2255 has a savings clause which permits a prisoner to challenge a federal conviction pursuant to § 2241 where a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, *see* 28 U.S.C. § 2255(e), a prisoner must meet the specific requirements set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), to pursue a § 2241 petition pursuant to this savings clause. In *In re Jones*, the Fourth Circuit held that, in order to challenge a sentence pursuant to the savings clause of § 2255(e), a petitioner must show "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot

satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34.

Petitioner's objections reiterate his previous arguments and in the absence of specific objections, this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby*, 718 F.2d at 198. Petitioner alleges that he is not challenging his federal conviction or sentence but that he is challenging "the manner in which his sentence is being executed as it affects the fact and duration of his confinement, rather than the validity of the sentence itself." (Dkt. No. 12 at 2). However, Petitioner's arguments clearly go to the legality of his conviction and the imposition of his sentence, as Petitioner alleges that in sentencing him, the judge utilized unreliable evidence, and asks this Court to remand for re-sentencing. (Dkt. No. 1 at 5). Moreover, Petitioner has not argued in his objections that a Section 2255 motion would be inadequate or ineffective to test the legality of his sentence. Thus, the Magistrate Judge properly concluded that this Court does not have jurisdiction to entertain the Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

## CONCLUSION

After a thorough review of the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety as the Order of this Court and Petitioner's claims are **DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS.**

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

June 24, 2012
Charleston, South Carolina

4